**Alejandra LOPEZ, Parent and Friend of C.C., a Minor, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

**No. CIV.A. 03–1665(JMF).**

United States District Court, District of Columbia.

Jan. 26, 2005.

Matthew B. Bogin, Futrovsky, Nitkin & Scherr, Chartered, Rockville, MD, Rebekah Antoni Gleason, Good Shepherd Legal Services, Washington, DC, for Plaintiff.

Eden Ilene Miller, Office of the Corporation Counsel, Washington, DC, for Defendants.

**MEMORANDUM ORDER**

FACCIOLA, United States Magistrate Judge.

Plaintiff brings this action to challenge a decision by the District of Columbia Public Schools ("DCPS") to place a learning disabled student at Prospect Learning Center ("Prospect"), a public school program, and a hearing officer's approval of that placement. On April 26, 2004, this court granted plaintiff's initial *Motion for a Preliminary Injunction.* Plaintiff has now moved for an award of attorney's fees and costs

associated with litigating that motion. For the reasons stated herein, plaintiff's *Motion for Attorney's Fees* is denied.

■ Under the IDEA, "the court, *in its discretion,* may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B) (emphasis added). Although the IDEA does not define "prevailing party," the Supreme Court has held that a plaintiff is a prevailing party for purposes of being awarded attorneys' fees when the party has secured, *inter alia,* a judgment on the merits or a court-ordered consent decree. *Buckhannon Bd. and Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.,* 532 U.S. 598, 603–04, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). In both of these situations, there has been a "material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Id.* at 604, 121 S.Ct. 1835 (internal quotations omitted). While the Court did not address fees in the specific context of the IDEA, it noted that its reasoning applied to analogous fee-shifting statutes. *Id.* at 602–03 n. 4, 121 S.Ct. 1835. In addition, numerous circuits have concluded that *Buckhannon's* "prevailing party" standard applies to requests for attorneys' fees under the IDEA. *Armstrong v. Vance,* 328 F.Supp.2d 50, 57 (D.D.C.2004) (citing decisions from several different circuits).

■ In granting plaintiff's first motion for a preliminary injunction, this court stated that it was "reserving [its] decision on the merits of plaintiff's underlying claims until the District has filed its opposition to the pending *Motion for Summary Judgment." Memorandum Opinion,* Apr. 26, 2004, at 5. In addition, even though it found that plaintiff showed a likelihood of success on the merits, it did so after assuming plaintiff's claims were true, given that the District had not yet responded to the underlying merits of plaintiff's claims. This conclusion, however, did not transform the preliminary injunction into a decision on the merits, and it certainly did not secure plaintiff's right to an award of attorney's fees. *See John T. v. Delaware County Intermediate Unit,* 318 F.3d 545, 558 (3rd Cir.2003) (concluding that the preliminary injunction was an insufficient basis upon which to award attorney's fees to plaintiff because it was interim relief not based on the merits of plaintiff's claims, even though the district court had concluded that plaintiff had shown a reasonable probability of success on the merits).

In addition, while the preliminary injunction did maintain the status quo and prevent the District of Columbia from removing C.C. from Accotink in the middle of the academic year, the court also deferred ruling on whether Accotink was the proper or a *de facto* placement for C.C. and whether the District had the obligation to fund her private school education. Accordingly, two of the most important issues upon which plaintiff sought favorable rulings in her motion for summary judgment were deferred until a later date. This is surely distinguishable from cases in which plaintiff's success in maintaining the status quo was the most important issue upon which she sought judicial relief. *Cf. Maine Sch. Admin. Dist. No. 35 v. Mr. R.,* 321 F.3d 9, 15–16 (1st Cir. 2003) ("[I]nterlocutory orders that serve merely to maintain the status quo usually are deemed insufficient to buoy a fee award.... [But,] a defendant who prevails on the only claim that justifies the presence of the case in a federal court has a legitimate basis for asserting that she is the prevailing party.").

In short, the preliminary injunction did not resolve the case on its merits, materially alter the legal relationship of the parties, or resolve the sole issue that justified

the presence of the case in district court. Rather, it maintained the status quo so that C.C. could conclude her academic year while the parties completed their briefing of the underlying claims in the case. Accordingly, I will not exercise my discretion to award plaintiff attorney's fees, and her *Motion for Attorney's Fees* [# 31] is **DENIED**.

**SO ORDERED.**